IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE R. SCHWARTZ, M.D.,

    Plaintiff,

v.                                                    No. CIV 97-1061 JP/LFG

AMERICAN MEDICAL ASSOCIATION;
AMERICAN COLLEGE OF EMERGENCY
PHYSICIANS; BRIAN MCCORMICK; AND
DOES 1 through 50, inclusive,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order concerns the Plaintiff's Application for Review of Clerk's Order Settling Costs for American College of Emergency Physicians, [Doc. No. 85], filed Nov. 16, 1998, and the American College of Emergency Physicians' Response to Plaintiff's Application for Review of Clerk's Order Settling Costs for American College of Emergency Physicians, [Doc. No. 86], filed Dec. 14, 1998. After careful consideration, I have determined that the Plaintiff's Application should be granted and the Defendant's request to review denial of costs, set forth in its Response to Plaintiff's Application, should be denied.

I granted summary judgment in favor of the Defendants, American College of Emergency Physicians (ACEP), Brian McCormick, and American Medical Association, because the Plaintiff, George R. Schwartz, M.D., failed to show evidence of actual malice in his defamation action. *See*

1

Amended Memorandum Opinion and Order, [Doc. No. 82.] I found that Defendant McCormick's article, which quoted the president of the ACEP, was substantially true. *See id*.

Following summary judgment, the Clerk of the Court awarded $4,477.64 in costs to Defendant ACEP. The Clerk did not allow costs for the depositions of Kathleen Ann Schwartz, Dr. Stephen Dresnick or Corrie Conwell because I did not cite them in the Amended Memorandum Opinion and Order, [Doc. No. 82] granting summary judgment.

The Plaintiff appealed the Clerk's Order, claiming that the costs for the depositions of Dr. Jerry Gray and Dr. James Roberts should not be taxed because the parties did not use either deposition in briefing the motion for summary judgment, nor did I cite to those depositions in the Amended Memorandum Opinion and Order. Defendant ACEP argues that the clerk correctly determined that the Court used the depositions of Dr. Gray and Dr. Roberts in granting summary judgment. Defendant ACEP also claims that the clerk erred in disallowing costs for the depositions of Kathleen Ann Schwartz, Dr. Stephen Dresnick, and Corrie Conwell. My review of the clerk's order settling costs is de novo. *See Furr v. AT & T Technologies,* 824 F.2d 1337, 1550 n. 11 (10th Cir. 1987).

FED. R. CIV. P. 54(d) creates "a presumption in favor of awarding costs [and a general requirement] that a court state its reasons if it decides to deny costs to a prevailing party." *Furr*, 824 F.2d at 1550. It is the burden of the plaintiff to overcome the presumption that the prevailing defendant is entitled to costs. *See Serna v. Manzano*, 616 F2d 1165, 1167 (10th Cir. 1980).

**Plaintiff's Request for Review of the Clerk's Order**

The Local Rules for the United States Court for the District of New Mexico allow the taxing of costs for depositions that are "reasonably necessary to the litigation." D.N.M.. LR-Civ.

54.2(b)(2). Defendant ACEP argues that the depositions of Dr. Gray and Dr. Roberts were reasonably necessary to the litigation because I considered them in ruling on the Defendants' motion for summary judgment. However, while the parties attached parts of several deposition transcripts to their briefs pertaining to Defendant ACEP's motion for summary judgment, neither Dr. Gray's deposition nor Dr. Roberts' deposition was attached to any of those briefs. I did not consider the deposition testimony of Dr. Gray or Dr. Roberts when ruling on the motion for summary judgment. Hence, the costs of those depositions are disallowed.

**Defendant ACEP's Request for Review of the Clerk's Order**

In its response to the Plaintiff's Application, Defendant ACEP raised a new issue. ACEP argued that the Clerk erred by not awarding costs for the depositions of Kathleen Ann Schwartz, Dr. Stephen Dresnick, and Corrie Conwell. A Court may review a clerk's order settling costs if a motion to review is filed within five days of the clerk's order. *See* FED R. CIV. P. 54(d). The Plaintiff filed his motion (designated "Application for Review of Clerk's Order Settling Costs For American College of Emergency Physicians") on Nov. 16, 1998, four days after the Clerk's Order was filed, but did not contest the clerk's decision that costs for the depositions of Kathleen Ann Schwartz, Dr. Stephen Dresnick, and Corrie Conwell should be disallowed. *See* Plaintiff's Application for Review of Clerk's Order. Defendant ACEP did not file a FED. R. CIV. P. 54(d) motion for review of the clerk's decision disallowing those deposition costs until Dec. 14, 1998, when ACEP filed its response. ACEP's request for review was untimely because it was filed 33 days after the Clerk's Order, and as a result I will not consider it.

Therefore, it is ORDERED that:

(1) The Plaintiff's Application for Review of Clerk's Order Settling Costs for

(1) American College of Emergency Physicians [Doc. No. 85] is GRANTED;

(2) The request for review of the Clerk's Order Settling Costs, made in the American College of Emergency Physicians' Response to Plaintiff's Application for Review of the Clerk's Order Settling Costs for American College of Emergency Physicians [Doc. No. 86], is DENIED;

(3) the costs of deposing Dr. Jerry Gray, Dr. James Roberts, Dr. Stephen Dresnick, Corrie Conwell, and Kathleen Ann Schwartz are disallowed and not taxed against the Plaintiff.

(4) Accordingly, costs are taxed against the Plaintiff and in favor of the Defendant American College of Emergency Physicians in the amount of $3,101.89

_____
UNITED STATES DISTRICT JUDGE